Liu v. Lynch

BIA
Wright, IJ
A200 838 135

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of September, two thousand fifteen.

PRESENT:
>        PIERRE N. LEVAL,
>        JOSÉ A. CABRANES,
>        CHRISTOPHER F. DRONEY,
>            *Circuit Judges.*

_____

JIAN MING LIU,
>        *Petitioner*,

>        v.                                        14-2323
>                                                  NAC

LORETTA E. LYNCH,
UNITED STATES ATTORNEY GENERAL*,
>        *Respondent.*

_____

FOR PETITIONER:        Lee Ratner, Law Offices of Michael Brown, New York, New York.

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:**  Joyce R. Branda, Acting Assistant Attorney General; Jesse M. Bless, Senior Litigation Counsel; Alexander J. Lutz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jian Ming Liu, a native and citizen of China, seeks review of a June 6, 2014, decision of the BIA, affirming the April 24, 2012, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Jian Ming Liu*, No. A200 838 135(B.I.A. June 6, 2014), *aff'g* No. A200 838 135 (Immig. Ct. N.Y. City Apr. 24, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the decisions of the IJ and the BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C.

§ 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications like Liu's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility determination on inconsistencies in an asylum applicant's statements and other record evidence, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). Substantial evidence supports the agency's adverse credibility determination.

The agency reasonably based its adverse credibility determination on significant inconsistencies between Liu's airport interview, credible fear interview, and statements he made in his asylum application and at his hearing. A comparison shows substantial discrepancies. Liu stated at his airport interview that he came to the United States to join his fiancée, and feared returning to China because his parents were poor and the Chinese government would put him in jail for having

traveled to the United States. At his credible fear interview, he explicitly stated that he had never been threatened or harmed in China, and revealed (for the first time) that his fiancée had been forced to have an abortion. He also claimed to have found Christianity in prison, and that he feared returning to China as a Christian. However, he conceded in his asylum application that he had fabricated the story about his fiancée, her forced abortion, and his discovery of Christianity in prison. He actually came to the United States because he had been active in an underground Christian church in China, and had been detained and beaten by the police on that basis.

Liu explained that a "snakehead" who smuggled him into the United States told him to apply for asylum based on a family planning policy violation because Liu did not have proof of his religious persecution in China. However, as the IJ observed, it did not make sense that the snakehead would instead recommend that Liu base his claim on a nonexistent fiancée's forced abortion, for which he *also* did not have any proof. Moreover, although Liu allegedly feared defying the smuggler's instructions, he did not in fact follow those instructions. The agency was therefore not compelled to accept this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d

Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

The agency also found that Liu failed to adequately corroborate his claim. An applicant's failure to corroborate testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Liu does not challenge that finding. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n.1 (2d Cir. 2005).

Given the inconsistencies and lack of corroboration, the totality of the circumstances supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of asylum, withholding of removal, and CAT relief as those claims are based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk